**Case No. 23-1671**

In the
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DANA NESSEL, Attorney General of the State of Michigan, on behalf of
The People of the State of Michigan,

       Plaintiff-Appellant,

v

ENBRIDGE ENERGY LIMITED PARTNERSHIP, ENBRIDGE
ENERGY COMPANY. INC., and ENBRIDGE ENERGY PARTNERS,
L.P.,

       Defendants-Appellees.

Appeal from the United States District Court
Western District of Michigan, Southern Division
Honorable Janet T. Neff

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY
GREAT LAKES LAW AND POLICY ORGANIZATION FOR LOVE OF
WATER (FLOW) IN SUPPORT OF APPELLANT AND REVERSAL**

James M. Olson
*Counsel of Record for*
*FOR LOVE OF WATER*

OLSON, BZDOK & HOWARD, PC
420 E. Front Street
Traverse City, MI 49686
(231) 946-0044
olson@envlaw.com

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY
GREAT LAKES LAW AND POLICY ORGANIZATION FOR LOVE OF
WATER (FLOW) IN SUPPORT OF APPELLANT AND REVERSAL**

_____

For Love of Water (FLOW), by counsel, respectfully moves pursuant to FRAP 29 for leave to file the attached Brief as Amicus Curiae in this matter. In support of its motion, FLOW states the following:

**THE MOVANT's INTEREST**

1.    For Love of Water ("FLOW") is a nonprofit Great Lakes Law and Policy Center incorporated under the laws of the State of Michigan and is an approved charitable education organization pursuant to Section 501(c)(3) of the Internal Revenue Code.

2.    FLOW's mission and goals are to educate and advocate with public officials, public and private leaders, businesses, communities, and to engage citizens to conserve and protect the public trust waters, bottomlands, and ecosystems of the Great Lakes, their connecting waters and tributary waters, and the paramount protected public trust uses (e.g., navigation, fishing, boating, drinking water, sustenance, bathing and sanitation, swimming and other recreational uses) of these state sovereign lands and waters that depend on the integrity of these public trust resources.[1]

--------

[1] See Mission Statement at https://flowforwater.org/about-us/mission-and-goals/.

3.      FLOW has prepared, submitted and/or presented numerous reports, comments, and papers to state, local, and federal officials, amicus briefs in state and federal courts and agencies, and the International Joint Commission ("IJC"), on the framework and application of public trust law rights, duties, and principles to assure the integrity and sustainability of the waters, environment and quality of life in the Great Lakes basin. [2]

4.      FLOW has participated as amicus and intervenor in disputes over the interpretation and enforcement of the Great Lakes Basin Compact[3] to assure the integrity of the diversion ban, standards for exceptions to the ban, and the rights of the state and citizens to the waters and bottomlands along the shores of the Great Lakes.[4]

---

[2] Reports and papers have been presented on a range of issues: public trust law and policy, drinking water, public water shutoffs, water infrastructure, beach and coastal access, use, and protection, urban waterfronts, aquaculture, groundwater use and quality, diversions, exports, consumptive uses, bottled water, water flows and levels, climate change, nutrient pollution, invasive species, wetlands, and environmental justice. https://forloveofwater.org/resource-library/.

[3] Great Lakes–St. Lawrence River Basin Water Resources Compact: Enacted by the 110th United States Congress: Effective: December 8, 2008: Citations; Public law: 110-34; *See* section 1.3.a ("the waters of the basin are precious public natural resources shared and held in trust by the States"). Compact/Agreement- The Great Lakes-St. Lawrence River Compact Council (glslcompactcouncil.org).

[4] *E.g.*, Amicus and Intervenor Brief of FLOW (For Love of Water), May 4, 2019, Foxconn Diversion Case, Wisconsin Department of Natural Resources,

5.      FLOW is supported by people, communities, foundations, businesses, and other organizations throughout Michigan and the Great Lakes region.  FLOW's supporters include members of the public, citizens, public interest nonprofit organizations, littoral or riparian property owners who enjoy and use the public trust waters of the Great Lakes and the bottomlands and soils beneath these waters, all of which are threatened with serious consequences based on the conditions and circumstances surrounding the continued use of the dual crude oil pipelines in the Straits of Mackinac at issue in the above-captioned case.

6.      Since 2014, FLOW has submitted more than ten (10) reports and comments to the Michigan Department of Environment, Great Lakes, and Energy ("EGLE"), the Michigan Department of Natural Resources ("DNR"), the Michigan Public Service Commission, the Mackinac Straits Corridor Authority, and the United States Army Corps of Engineers, raising factual, scientific, and legal issues

---

Administrative Appeal, Case No. DNR-18-0006; Amicus Brief of Nonparty Flow for Water, June 23, 2016, *Friends of Sturgeon Bay Public Waterfront v City of Sturgeon Bay*, Wisc. Ct. App. Appeal No. 17-AP-000800; FLOW Comments in Re Waukesha Water Diversion Application, Great Lakes Compact, Regional Compact Council and Regional Body on Common Law Public Trust and Riparian Doctrines, June 8, 2016; *see* also "Public Trust," at https://forloveofwater.org/resource-library/.

surrounding the existing 70-year old Enbridge Line 5 crude oil dual pipeline that runs 4.5 miles along the state-sovereign bottomlands.[5]

7.      These reports and comments have addressed the jurisdiction, legal duties, and requirements of the public trust doctrine under common law and Michigan state statutes, the unacceptable harm, risks, and alternatives associated with the existing Line 5.[6] In all of these filings and formal comments, FLOW has continually informed the governmental agencies about the applicable legal rights, responsibilities, and requirements concerning the State of Michigan's sovereign ownership of and the public trust doctrine in the water, soils and bottomlands in the Straits of Mackinac and Lake Michigan, including the failure of Enbridge to comply with the required authorizations and standards of the public trust law of the State of Michigan.[7]

---

[5] Over the past 9 years FLOW has submitted more than a dozen reports with the State, including the MDEQ (now EGLE), MDNR, Michigan Petroleum Pipeline Task Force, and the Michigan Petroleum Pipeline Advisory Board.  FLOW has actively participated in numerous hearings and public meetings regarding Line 5 in the Straits of Mackinac.  These reports can be found as a matter of public record and under "Line 5 Pipelines and Proposed Tunnel" at https://forloveofwater.org/resource-library/

[6] *Id.*

[7] *Id.*; for all Line 5 reports and comments, s*ee* https://forloveofwater.org/resource-library/, "Line 5 Pipelines and Proposed Tunnel."

## DESIRABILITY AND WHY THE MATTERS ARE RELEVANT TO DISPOSITION OF THIS APPEAL

8.     As an advocacy organization committed to protection of the water and natural resources of the Great Lakes, including the State's sovereign duties and rights as owner and trustee of its public trust waters and bottomlands of Lake Michigan, FLOW brings a unique perspective to the jurisdictional questions now before the Court. FLOW has been engaged in the dispute over the 70-year-old Enbridge's Line 5 dual pipelines in the Straits of Mackinac for nine years. More specifically, FLOW submitted a brief as amicus on dispositive motions of the state public trust, public nuisance, and environmental citizen-suit claims before the Ingham County state circuit court in the 2019 *Attorney General Dana Nessel v Enbridge* case (Inghan County Case No. 19-474-CE). After Enbridge removed the 2020 *Michigan v Enbridge* case (W.D. Case No. 1:20-cv-1141), FLOW (along with other amici) submitted an amici brief in support of the State's Motion to Remand Enbridge's Notice of Removal of substantially similar underlying state claims in *Michigan v Enbridge*. R. 81, PageID.717-733.

9.     FLOW submits this *amicus* brief to inform the Court regarding the critical jurisdictional questions and closely related issues set forth in its July 21, 2023 Order, granting permission for leave to appeal. While FLOW strongly supports reversal of the lower federal district court on procedural grounds and failure to

6

establish the "*Grabel* factors", FLOW's accompanying amicus brief, specifically, addresses "*Grable* factor 3," as well as Enbridge's misguided invocation of federal common law to override the well-pleaded complaint rule and remove the Attorney General's state court action to federal court. The accompanying amicus brief addresses the following arguments relevant to the questions presented by this appeal:

    a.  Under the *Grable* doctrine, removal would disrupt the balance between state and federal judiciaries, which respects states' use of state courts to protect sovereign interests in waters and submerged lands.

    b.  Federal common law cannot overcome the well-pleaded complaint rule and does not provide an "independent" basis for removal.

    c.  The Sixth Circuit should not create a new rule establishing federal common law as an independent exception to the well-pleaded complaint rule.

        i.  Enbridge's defensive assertion of federal common law cannot establish federal question jurisdiction.

       ii.  Federal common law of foreign relations does not establish removal jurisdiction in this case.

## RELIEF REQUESTED

Based on its mission, purpose, expertise and experience in the areas of law at issue in this matter, its participation in the underlying dispute over Line 5 in the

Straits of Mackinac (2019 *Attorney General v Enbridge* state court case) and Enbridge's removal of the 2020 *Michigan v Enbridge* state court case, and its concern over the disruption of the balance of federalism for state court jurisdiction over common law claims concerning their sovereign waters and bottomlands of the Great Lakes,  FLOW respectfully requests this Court to grant leave and accept for filing the attached Amicus Curiae brief in this matter, and to grant such further and additional relief as may be proper.

Dated: September 25, 2023

Respectfully submitted,

James M. Olson
*Counsel of Record for*
*FOR LOVE OF WATER*

OLSON, BZDOK & HOWARD, PC
420 E. Front Street
Traverse City, MI 49686
(231) 946-0044
olson@envlaw.com